DECISION.
Frederick Arch Duelley was found guilty, after a bench trial, of domestic violence. Duelley appeals, assigning as error the trial court's admission of certain hearsay testimony, which he claims violated his right to confront the witnesses against him.
During the trial, the state called the victim to testify, but the victim refused to answer questions about the fight she had had with Duelley that had caused her to call the police. The trial court declared the victim unavailable as a witness, pursuant to Evid.R. 804 and this court's decision in State v. Griffin.[1]
Duelley objected on hearsay grounds to the admission into evidence of the victim's 911 call and to the testimony of a police officer regarding the victim's statements to him on the scene. The trial court overruled the objections.
The victim's statements to the 911 dispatcher and to the police officer on the scene were hearsay and would be inadmissible under Evid.R. 802, unless otherwise provided by constitutional provision, statute, or rule. Evid.R. 803 provides exceptions to the hearsay rule for which the availability of the declarant is immaterial, while Evid.R. 804(B) provides exceptions to the rule if the declarant is unavailable.
In this case, the trial court cited specifically to Evid.R. 804(B)(3) and stated, "I'm going to declare [the victim] unavailable at this point and allow any statement that she made to the police that conform[s] with rule 804 to come in."
Evid.R. 804(B) provides:
The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
* * *
 (3) Statements against interest. A statement that was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another that a reasonable person in the declarant's position would not have made the statement unless the declarant believed it to be true. A statement tending to expose the declarant to criminal liability, whether offered to exculpate or inculpate the accused, is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.
Because the victim was unavailable, her statements to the 911 dispatcher and to the police officer would have been admissible into evidence under Evid.R. 804(B)(3) only if the two additional conditions in the rule were satisfied. First, the statements must have so far tended to subject the victim to criminal liability that a reasonable person in her position would not have made them unless she believed them to be true. Secondly, corroborating circumstances must indicate the trustworthiness of the statements.
The decision whether to admit a hearsay statement of an unavailable declarant into evidence pursuant to Evid.R 804(B)(3) lies within the discretion of the trial court.[2] Our review of the 911 call and of the testimony of the police officer regarding the victim's statement reveals that neither statement tended to expose her to criminal liability, and that, therefore, the first requirement under the Evid.R. 804(B)(3) exception was not met. On the tape recording, the victim told the 911 dispatcher that her roommate had choked her and threatened her with a gun about an hour earlier. The officer testified that when he arrived at the scene, the victim told him that her live-in boyfriend had threatened her with a gun, had choked her and had thrown her against a wall, and that these events had happened two hours earlier. Therefore, we hold that the trial court abused its discretion by admitting these statements into evidence as statements against interest under Evid.R. 804(B)(3).
While the state argues on appeal that the victim's statements are admissible as excited utterances under Evid.R. 803(2), we agree with the trial court's determination that the 911 call in this case does not fall within that exception. The recording of the victim's 911 call shows that the victim was composed and calm when she made the call an hour after Duelley's attack. Nor does the record show that the victim's statement to the officer, made an hour after her composed 911 call, was an excited utterance. Thus, we sustain Duelley's sole assignment of error.
Therefore, the judgment of the trial court is reversed, and this cause is remanded to the trial court for further proceedings consistent with the law and this Decision.
Judgment reversed and cause remanded.
 Gorman, P.J., Painter and Winkler, J.J.
[1] (Jan. 29, 1999), Hamilton App. No. C-970773, unreported.
[2] See State v. Sutorius (1997), 122 Ohio App.3d 1, 4-5,701 N.E.2d 1, 7, citing State v. Sumlin (1994), 69 Ohio St.3d 105,108, 630 N.E.2d 681, 684; see, also, Griffin, supra.